## MAUPIN *v.* BLANTON.

### (*Nashville.* February 7, 1894.)

1. REDEMPTION OF LAND. *To whom redemption-money must be paid.*

To effect redemption of his land sold for debt, either under execution at law or under decree of the Chancery Court, the .debtor must pay the redemption-money either to the purchaser personally, or, in case that is impracticable, to the Clerk of the Circuit Court of the county in which the land lies.

Code construed: § 2959 (M. & V.).

Acts construed: Acts 1889, Ch. 83.

· Case cited: Rothwell *v.* Gettys, 11 Hum., 135.

2. SAME. *Same.*

And payment of the redemption-money to the Clerk and Master is ineffectual, even where the sale was made by him under decree of the Chancery Court and the fund realized placed in his hands as receiver, to be loaned out for the benefit of the creditor.

---

### FROM BEDFORD.

---

· Appeal from Chancery Court of Bedford County. ROBERT CANTRELL, Ch.

WM. B. BATES for Maupin.

IVIE & IVIE for Blanton.

WILKES, J. , The undivided interest of · R. C. Maupin in a town lot in Wartrace, Bedford County, was

sold under decree of the Chancery Court of Bedford County, and was purchased by his brother, James S. Maupin, at his bid of one hundred dollars. The sale was made for cash, and subject to the right of redemption, and was confirmed August 7, 1890, and title divested and vested accordingly. The Clerk and Master, as receiver, was directed to loan out the one hundred dollar fund for an indefinite time, and to give James S. Maupin, the purchaser, the preference in borrowing the same. Thereupon James S. Maupin, the purchaser, executed his note to the Clerk and Master and receiver for the one hundred dollars, and the amount was not actually paid by him into Court.

August 6, 1892, R. C. Maupin, the debtor, whose lot had been sold, paid to the Clerk and Master of Bedford County $112, and took his receipt for the same in these words:

" One hundred and twelve dollars received of R. C. Maupin, which he tenders as redemption of a lot sold by the undersigned on May 1, 1890, said sale confirmed August 7, 1890, in the case of *James S. Maupin* v. *R. C. Maupin.* See Minute Book 19. This August 6, 1892.

"J. T. BUTLER, *C. & M.*"

At that date James S. Maupin was a resident of Moore County, and the payment of the $112 by R. C. Maupin to the Clerk and Master was without his knowledge or consent.

The money thus paid into the hands of the

Clerk was tendered to James S. Maupin, and he refused to receive the same, insisting that the lot could not be redeemed in this way. In the meantime R. C. Maupin, on the same day the money was paid to the Clerk and Master, acting upon the idea that he had redeemed the lot, conveyed the same to B. W. Blanton for a recited consideration of six hundred dollars.

James S. Maupin thereupon filed his bill, charging that the lot had not been redeemed as provided by law, and seeking to have set aside, as a cloud upon his title, the conveyance to Blanton.

Blanton filed his answer as a cross-bill, alleging that the payment to J. S. Butler, the Clerk and Master and receiver, was good and a legal redemption, and asked the Court to so decree and remove the claim of James S. Maupin as a cloud upon his title.

The Chancellor held that the redemption was not legally made, and dismissed the cross-bill, and sustained the bill of James S. Maupin and set aside the conveyance of R. C. Maupin to Blanton, from which Blanton appealed, and assigns errors, which simply raise the question whether the lot was redeemed in the manner provided by law.

The Act of 1824 provided, among other things, that when the purchaser of land sold subject to redemption resides out of the county in which the sale is made, the debtor may redeem by paying the redemption money to the *Clerk of the County Court.*

This Act was amended by the Act of 1843, so as to substitute the Clerk of the Circuit Court of the county where the land lies for the Clerk of the County Court of the county where the sale is made, as the proper officer to whom the redemption money may be paid.

This Act, thus amended, was carried into the Code of 1858 as § 2136. The Act of 1870, Ch. 111, amended this section of the Code so as to read: "The party entitled to redeem under the provisions of this chapter may pay the redemption money to the Clerk, instead of the debtor." And this was carried into the compilation by Thompson & Steger as § 2136a.

This Act of 1870 was repealed by the Act of 1889, Ch. 83, Sec. 2; and, by this Act, § 2136 of the Code was so amended as to insert after the words "the debtor," the words "or party entitled to redeem," so that the statute, after that Act, is made to read:

"Sec. 2136. When the purchaser is absent from his usual place of residence, so that the tender to him is prevented, or resides out of the county where the land lies, the debtor, or party entitled to redeem, may pay the redemption-money to the Clerk of the Circuit Court of the county in which the land lies, to be held by him for the person entitled to it, and such payment shall be good to all intents and purposes." See Shannon's Code Supplement, § 2959.

It is insisted that this Act is intended to apply

only to sales under execution at law, and that, when the sale is made under the decree of the Chancery Court, the redemption-money should be paid to the Clerk of that Court from which the sale was made, and this contention is well founded in reason. But the law is not so written. The privilege of paying to any one else than the purchaser rests wholly upon the statute, and that has provided only one officer to receive the redemption-money, to wit, the *Clerk of the Circuit Court of the county* where the land lies, in the event the purchaser lives in another county, etc.

The case of *Rothwell* v. *Gettys*, 11 Hum., 135 to 140, construed the Acts of 1824 and 1843, and held that they applied to all sales made subject to redemption, whether under execution at law or decree of the Chancery Court, or under mortgages or deeds of trust, and that this mode of redemption was alike applicable to all cases, whatever might be the mode or kind of sale, when the debtor has a right to redeem. 11 Hum., 138.

The statute provides only two modes of redemption—one by paying the redemption-money to the purchaser, the other by paying it to the Clerk of the Circuit Court.

It can make no difference in this case that the Clerk and Master was made receiver to loan out the purchase-money, nor that the purchase-money was thus being loaned for the benefit of James S. Maupin, the purchaser. The Clerk and Master and receiver was in no sense the purchaser of the

lot, nor did he in any way represent the purchaser of the lot, as such purchaser, and the funds in his hands, as receiver, were not, in anywise, different from any other funds that he may have had in his hands to loan out, simply because they were received from the sale of this lot, or held for the benefit of the purchaser of the lot.

There is no error in the decree of the Chancellor. The debtor could not effect the redemption of his lot by paying the redemption-money to the Clerk and Master and receiver, or in any other way than as the statute provides, and the decree of the Chancellor is affirmed with costs.